```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANIEL RODRIGUEZ,                                    :
                                                     :
                    Plaintiff,                       :
                                                     :       MEMORANDUM & ORDER
              v.                                     :       21-CV-711 (WFK)
                                                     :
COMMISSIONER OF SOCIAL SECURITY,                     :
                                                     :
                    Defendant.                       :
-----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** David Rodriguez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for disability insurance benefits and supplemental security income ("SSI"). Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 18, 19. For the reasons set forth below, Plaintiff's motion is DENIED, and Defendant's cross-motion is GRANTED.

## PROCEDURAL HISTORY

On May 3, 2019, Plaintiff protectively applied for disability insurance benefits and supplemental security income ("SSI") due to his posttraumatic stress disorder ("PTSD"), aortic valve replacement, nitro valve repair, pacemaker, depression, anxiety, endocarditis, brain aneurysm on the right side at the temple, and cerebral brain aneurysm. Administrative Record ("Tr."), ECF No. 17, at 10, 248, 253, 285. Plaintiff alleged a disability onset date of September 22, 2016, and he claimed a date last insured of June 30, 2023. *Id.* Plaintiff's claims were denied on August 22, 2019 and November 26, 2019. *Id.* at 129, 151, 163. Thereafter, Plaintiff testified at a hearing before Administrative Law Judge ("ALJ") Robert Schriver, who subsequently issued an unfavorable decision on June 2, 2020. *Id.* at 10-24. On December 9, 2020, the Appeals Council

denied review of Plaintiff's claims prompting Plaintiff to file the instant action. This Court has jurisdiction to review the present claims pursuant to 20 C.F.R. §§ 405(g), 1383(c)(3).

## STATEMENT OF FACTS

The evidence in this case is undisputed. The Court adopts Plaintiff's factual recitation. Pl. Mem., ECF No. 18-1, at 6-12.

## STANDARD OF REVIEW

When a claimant challenges a denial of disability benefits by the Social Security Administration ("SSA"), the Court's function is not to evaluate *de novo* whether the claimant has a disability. Rather, the Court must determine whether the Commissioner's decision is based on correct legal standards and is supported by substantial evidence. *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation omitted).

"[W]hatever the meaning of 'substantial' in other contexts," in the social security context, "the threshold for such evidential sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Nevertheless, the reviewing court must examine the entire record, weighing the evidence on both sides to ensure the claim "has been fairly evaluated" in order for the Commissioner's decision to stand. *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

In considering the above, courts "defer[] to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1154. That is because the Commissioner, not the district court,

is tasked with "weigh[ing] the conflicting evidence in the record" and resolving such conflicts. *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998). "While the ALJ need not resolve every conflict in the record, the crucial factors in any determination must be set forth with sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268–69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation and alterations omitted). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013) (Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269).

## DISCUSSION

### I. Determination of Disability

#### a. The Applicable Law to Determine SSI Eligibility

An individual is eligible for SSI benefits if they are "aged, blind, or disabled" as defined in 42 U.S.C. § 1382c. They must also meet the resource and income limits specified in the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). The Act provides further the impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Commissioner evaluates disability claims through the application of the five-step sequential process set forth in 20 C.F.R. § 416.920. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claim will be denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, the second step is to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id.* § 416.920(a)(4)(ii). If not, the claim will be denied. However, if the claimant has such an impairment, the third step is to determine whether the impairment or combination of impairments meets or equals one of the listings in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("the Regulations"). *Id.* § 416.920(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step requires the Commissioner to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform their past relevant work. *Id.* § 416.920(a)(4)(iv). If the claimant cannot perform their past relevant work, the fifth and final step is to determine whether the claimant can perform any job based on his or her RFC and other vocational considerations, such as work experience, age, and education. *Id.* § 416.920(a)(4)(v).

The claimant bears the burden of proving the first four steps, then the burden shifts to the Commissioner at the fifth step. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Rosa v. Callahan*, 168 F.3d 72, 77-78 (2d Cir. 1999).

Until recently, adjudicators were required to give controlling weight to the opinions of treating physicians. This is no longer the case for claims filed on or after March 27, 2017. *Compare* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2016) *and* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (2020) *with* 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2020). Under the present regulatory scheme, ALJs are instead instructed to focus on the persuasiveness of the medical

opinion(s) or prior administrative medical finding(s) using the following five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including (i) length of the treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of the treatment relationship, and (v) examining relationship; (4) specialization; and (5) other factors. *See* 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c) (2020). Supportability and consistency are the two most important factors for an ALJ to consider. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2) (2020).

Plaintiff filed his instant claims after March 27, 2017. *See* Tr. at 15 (noting Plaintiff's original filing date is May 3, 2019). Therefore, the Court now reviews ALJ Schriver's opinion in light of the regulations discussed above.

### b. ALJ Schriver's Disability Determination

At step one, the ALJ found Plaintiff meets the insured status requirements through June 30, 2023, and that he has not engaged in substantial gainful activity since September 22, 2016, the alleged disability onset date. Tr. at 17. At step two, the ALJ found Plaintiff suffers from the severe impairments of status post-aortic valve replacement; status post-endocarditis; status post-pacemaker placement; PTSD; anxiety; major depressive disorder; hypertension; substance abuse disorder; obesity; and status post-aneurysm. *Id.* at 18 (referencing 20 CFR 404.1520(c) and 416.920(c)). At step three, the ALJ determined none of these ailments met or medically equaled the severity of one of the listed impairments in the Regulations. *Id.* Next, the ALJ determined Plaintiff has the RFC to perform light work, noting, however, "he can only frequently crawl, crouch, climb, stoop, kneel, and balance. . ." and stating further Plaintiff is "limited to simple tasks only, making only simple work-related decisions, and having only occasional interaction with supervisors, coworkers, and the general public." *Id.* at 20. At step four, the ALJ found Plaintiff

5

was unable to perform any of his past relevant work in light of his RFC determination. *Id.* at 27. Nevertheless, at step five, the ALJ determined there were other jobs Plaintiff could perform in the national economy, namely: price marker, cleaner, and collator operator. *Id.* at 27-28. On this basis, the ALJ found Plaintiff not disabled and thereby denied Plaintiff's request. *Id.* at 28.

    **c. The Medical Opinions before ALJ Schriver**

ALJ Schriver concluded Plaintiff is not disabled based on his finding employment opportunities exist in the national economy for Plaintiff despite his alleged impairments. ALJ Schriver reached this determination based on his review of Plaintiff's entire medical record and of the opinions of numerous medical professionals set forth therein. *See id.* at 24-27. In total, the ALJ reviewed eight medical opinions. *Id.* As to Plaintiff's mental condition, the ALJ considered the opinions of (1) H. Rozelman, Ph.D. and E. Gagan, Ph.D.; (2) M. Wuhib, Ph.D.; (3) J. Singh, M.D.; and (4) R. Roberts, L.M.S.W. *Id.* As to Plaintiff's physical condition, the ALJ considered the opinions of (5) C. Li, M.D.; (6) D. Schwartz, M.D.; (7) R. Figueroa, M.D.; and (8) E. Grayver, M.D. *Id.*

The ALJ found only four of these opinions persuasive. *Id.* The ALJ's assessment regarding Plaintiff's alleged mental impairments were based on the views of doctors Rozelman and Gagan, state agency psychological consultants, and Dr. Wuhib (in part), a consultative examiner. *Id.* at 25. The ALJ's assessment of Plaintiff's alleged physical impairments, in turn, were based on the opinions of Dr. Schwartz, a state agency medical consultant, and Dr. Figueroa, a consultative examiner. *Id.* at 24-25. The ALJ rejected as unpersuasive the remaining medical opinions of Dr. Li, the state agency medical consultant; Dr. Wuhib (in part), a consultative examiner; Dr. Singh, Plaintiff's treating physician; Dr. Grayver, Plaintiff's treating physician; and Dr. Roberts, Plaintiff's treating physician. *Id.* at 24-27.

As previously stated, the new regulations permit ALJs to consider the persuasive weight of the medical opinions before them in light of, *inter alia*, their supportability and consistency— irrespective of whether that opinion originated from a plaintiff's treating physician. *See* 20 C.F.R. 404.1520b(c) and 419.920b(c). In other words, ALJ Schriver was within his authority to discredit the opinions of Plaintiff's treating physicians and factor in only half of the medical opinions before him, as long as his decision was well-reasoned and made in accordance with the five factors listed in 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c) (2020) (listing (1) supportability; (2) consistency; (3) relationship with the claimant, (4) specialization; and (5) other).

Plaintiff claims ALJ Schriver's mental and physical RFC determination is unsupported by substantial evidence on the grounds ALJ Schriver allegedly failed to properly evaluate the opinion evidence of record in accordance with the prevailing rules and regulations. Pl. Mem., ECF No. 18-1 at 12-21.

The Court considers Plaintiff's claims in light of the record before it. In so doing, the Court finds ALJ Schriver carefully reviewed the opinions before him and appropriately assessed the medical opinions' consistency with the underlying medical records. Furthermore, the Court finds ALJ Schriver's conclusion regarding Plaintiff's mental and physical RFC, as well as his determination Plaintiff can perform certain jobs existing within the national economy—and is therefore not disabled within the meaning of the Act—is supported by substantial evidence.

### d. ALJ Schriver Carefully Considered the Evidence Before Him

ALJ Schriver determined "the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that he can only frequently crawl, crouch, climb, stoop, kneel and balance." Tr. at 20. ALJ Schriver added, "[t]he claimant is further

limited to simple tasks only, making only simple work related decisions, and having only occasional interaction with supervisors, coworkers and the general public." *Id.*

ALJ Schriver reached this conclusion after considering "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSR 16-3p. . ." as well as "the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 C.F.R. 404.1520c and 416.920c." *Id.* at 21. ALJ Schriver also reasoned "[a]fter careful consideration of the evidence, [he] find[s] that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* at 21.

ALJ Schriver then reviewed Plaintiff's medical history—including the tests and procedures he underwent, the notes his doctors made during or immediately after observing Plaintiff, and the trends in his mental and physical conditions over time. *Id.* at 20-23. It is with this information in mind that ALJ Schriver considered the persuasive value of the medical opinions proffered in this case.

### i. Physical Assessments

#### 1. Dr. Li

Dr. Li indicated Plaintiff could lift and carry fifty pounds occasionally, and twenty-five pounds frequently (Exhibits 1A, 2A, ECF No. 17, 63-88); Plaintiff could sit for six hours out of an eight-hour workday, and stand and/or walk for six hours out of an eight-hour workday; and

8

Plaintiff's ability to push and/or pull with his upper and lower extremities was unlimited, other than as determined with respect to his ability to lift and carry. *Id.* at 24.

ALJ Schriver deemed Dr. Li's opinion unpersuasive. He did so on the grounds that Dr. Li did not review the significant amount evidence subsequently submitted after Dr. Li opined on Plaintiff's condition; that Dr. Li's opinion is supported only by a brief rationale; and that Dr. Li's opinion is inconsistent with Plaintiff's cardiac impairments and treatment, and with every other opinion submitted regarding the claimant's physical limitations. *Id.*

### 2. Dr. Schwartz

Next, ALJ Schriver considered the opinions of Dr. Schwartz. This doctor indicated Plaintiff could lift and carry twenty pounds occasionally, and ten pounds frequently (referencing Exhibits 5A, 6A, ECF No. 17 at 91-122). Dr. Schwartz also indicated Plaintiff could sit for six hours out of an eight-hour workday and stand and/or walk for six hours out of an eight-hour workday; Plaintiff's ability to push and/or pull with his upper and lower extremities was unlimited, other than as determined with respect to his ability to lift and carry; and Plaintiff could frequently climb, balance, stoop, kneel, crouch and crawl. *Id.* at 24.

ALJ Schriver deemed Dr. Schwartz's opinion persuasive for several reasons. Namely, the doctor's opinion is supported by record review and narrative explanation; is consistent with the additional medical evidence submitted after his review, which described significant improvement and minimal symptoms after March 2017; is consistent with the medical evidence of record which describes significant improvement and minimal symptoms and clinical abnormalities following Plaintiff's hospitalization in March 2017; and is consistent with other persuasive medical opinions. *Id.*

### 3. Dr. Figueroa

ALJ Schriver then reviewed Dr. Figueroa's assessment, who opined Plaintiff will have moderate limitations to repetitive bending, and moderate limitation sustaining activities requiring moderate to severe exertion (Exhibit 17F, ECF No. 17, at 2955-61). Dr. Figueroa stated further Plaintiff should avoid being on ladders and at unprotected heights. *Id.* at 24.

ALJ Schriver found Dr. Figueroa's opinion persuasive. He reasoned Dr. Figueroa's opinion is supported by a detailed report containing her clinical findings upon a physical examination of Plaintiff; is consistent with medical evidence of record which describes significant improvement and minimal symptoms and clinical abnormalities following Plaintiff's hospitalization in March 2017; and is consistent with that of Dr. Schwartz. *Id.* at 25.

### 4. Dr. Grayver

The last medical opinion regarding Plaintiff's physical ailments ALJ Schriver considered was Dr. Grayver's, Plaintiff's treating physician. *Id.* at 26. Dr. Grayver indicated Plaintiff could lift and carry less than ten pounds occasionally and twenty pounds rarely (Exhibit 19F, ECF No. 17 at 2963-83) and could sit for about two hours out of eight and stand or walk for about two hours out of eight. *Id.* Dr. Grayver opined further Plaintiff needed a job that would permit shifting positions at will and allow Plaintiff to take unscheduled breaks. She further indicated that Plaintiff could occasionally twist, stoop (bend), crouch and climb stairs, but could never climb ladders. Dr. Grayver noted Plaintiff needed to avoid concentrated exposure to noise, and avoid all exposure to extreme heat and cold, wetness, humidity, fumes, odors, dusts, gases, poor ventilation, and hazards such as machinery and heights. She also noted Plaintiff would likely be absent from work more than four days per month. *Id.*

ALJ Schriver found Dr. Grayver's opinion wholly unpersuasive on the grounds Dr. Grayver identified symptoms Plaintiff had frequently denied, including during examinations she

10

herself performed. *Id.* For example, the ALJ noted, while Dr. Grayver assessed symptoms of chest pain, shortness of breath, fatigue, dizziness and sweatiness , *id.* (referencing Exhibit 19F, ECF No. 17, at 2963-83), Plaintiff either denied or did not report such symptoms on multiple examinations performed by Dr. Grayver and other providers. *Id.* (referencing Exhibit 10F, ECF No. 17, at 2852-66; Exhibit 15F, ECF No. 17, at 2917-47; Exhibit 20F, ECF No. 17, at 2984-3012). Furthermore, ALJ Schriver noted, after multiple physical examinations, Dr. Grayver did not describe any significant abnormalities that would support the limitations she assessed. *Id.* (referencing Exhibit 15F, ECF No. 17, at 2917-47; Exhibit 20F, ECF No. 17, at 2984-3012). Specifically, ALJ Schriver explained, nothing in the medical record supported Dr. Grayver's opinion that Plaintiff was limited to sitting for only two hours out of eight, as Plaintiff himself reported no issues with sitting. *Id.* (referencing Exhibit 4E, ECF No. 17, at 308-21). Lastly, the ALJ noted Dr. Grayver's opinion is inconsistent with those of Dr. Schwartz and Dr. Figueroa, whose opinions the ALJ deemed persuasive for reasons discussed above. *Id.*

  **ii. Mental Assessments**

    **1. Dr. Rozelman and Dr. Gagan**

  Dr. Rozelman and Dr. Gagan opined Plaintiff had a moderate limitation in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and in his ability to perform activities within a schedule, maintain regular attendance, and be punctual. *Id.* at 25 (referencing Exhibits 1A, 2A, 5A, 6A, ECF No. 17, at 63-88, 91-122). They also opined Plaintiff had a moderate limitation in his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and a moderate limitation in his ability to set realistic goals or make plans independently of others.

ALJ Schriver found Dr. Rozelman's and Dr. Gagan's opinions persuasive on the grounds their opinions are supported by record review and detailed rationales. *Id.* He noted further, while additional medical records were submitted after these doctors prepared their assessments, such evidence does not describe significantly greater abnormalities than were described in the records they reviewed. *Id.* Lastly, he found their opinions consistent with one another, and with the normal findings to relatively mild abnormalities described on multiple mental status examinations. *Id.*

### 2.  Dr. Wuhib

Dr. Wuhib opined Plaintiff had no limitations in his ability to understand, remember or apply simple directions and instructions, use reason and judgment to mark work-related decisions, sustain concentration and perform a task at a consistent pace, maintain personal hygiene and appropriate attire, and be aware of normal hazards and take appropriate precautions (referencing Exhibit 16F, ECF No. 17, at 2948-54). Dr. Wuhib opined further Plaintiff was mildly limited in his ability to understand, remember, and apply complex directions and instructions; Plaintiff was moderately limited in interacting adequately with supervisors, coworkers and the public; and Plaintiff was moderately to markedly limited in sustaining an ordinary routine and regular attendance at work, and markedly limited in regulating emotions, controlling behavior and maintaining well-being. *Id.* at 25.

ALJ Schriver found Dr. Wuhib's opinions persuasive in part and unpersuasive in part. Specifically, the ALJ found Dr. Wuhib's opinion regarding the specific functional abilities she assessed to be persuasive to the extent these limitations were supported by the normal findings to minimal abnormalities noted by Dr. Wuhib on her examination of Plaintiff, and they were consistent with similar normal findings and minimal abnormalities noted by other providers on examination of Plaintiff. *Id.* at 25. With respect to Dr. Wuhib's opinion regarding Plaintiff's

moderately to markedly limited ability to sustain an ordinary routine and regular attendance at work, or the markedly limited ability to regulate emotions, control behavior and maintain well-being, the ALJ found this unpersuasive. *Id.* ALJ Schriver reasoned such limitations are inconsistent with the consistently normal findings and minimal abnormalities described elsewhere in the record.

### 3. Dr. Singh

Dr. Singh, one of Plaintiff's treating physicians, indicated Plaintiff had mild to extreme limitations in various areas of work-related mental functioning. *Id.* at 26 (referencing Exhibit 11F, ECF No. 17, at 2867-2871). Although, and as Plaintiff and Defendant's factual recitations make clear, Dr. Singh has a relatively lengthy history of treating Plaintiff, ALJ Schriver deemed Dr. Singh's opinion unpersuasive. *Id.*

ALJ Schriver made this determination on the grounds Dr. Singh's opinion is presented in a check-box form and is not supported by detailed rationale or reference to mental status findings; and the limitations he assessed are inconsistent with the normal findings to relatively mild abnormalities described on multiple mental status examinations, including those he himself performed. *Id.* (referencing Exhibit 9F, ECF No. 17 at 2825-2851; Exhibit 12F, ECF No. 17 at 2872-2913). ALJ Schriver noted further Dr. Singh's opinion is inconsistent with the opinions of Dr. Rozelman, Dr. Gagan and Dr. Wuhib. *Id.*

### 4. Ms. Roberts, LMSW

Ms. Roberts, LMSW, one of Plaintiff's providers, submitted a letter to ALJ Schriver stating Plaintiff reported his symptoms were frequently debilitating and continued to impact his daily functioning (referencing Exhibit 13F, ECF No. 17 at 2914-15).

ALJ Schriver found Ms. Roberts' opinion unpersuasive to the extent it merely indicated Plaintiff self-reported his symptoms were debilitating and impacted his daily functioning, and Ms. Roberts offered no opinion on these reports; Ms. Roberts did not assess any work-related functional limitations or abilities; nor did she define "debilitating" and "impacted" with any specificity. *Id.* at 26-27.

## II. ALJ Schriver's Mental and Physical RFC Determination is Supported by Substantial Evidence

### a. Physical RFC Determination

Plaintiff counters the ALJ's determination with respect to Dr. Grayver on the grounds the ALJ's conclusion is not supported by the record; the ALJ erred in finding Dr. Grayver failed to explain the significant abnormalities she assessed; and the ALJ improperly weighed the opinions of Dr. Figueroa and Dr. Schwartz, which are consistent with each other, above Dr. Grayver's, which is inconsistent with both.  Pl. Mem., ECF No. 18, at 19-20.

The Court has reviewed Dr. Grayver's notes in conjunction with ALJ Schriver's opinion and Plaintiff's memorandum.  The Court finds the ALJ's RFC analysis with respect to Plaintiff's physical ailments and his determination Plaintiff can perform work existing in the national economy is supported by substantial evidence.  The ALJ was not required to give controlling weight to Dr. Grayver's opinion.  *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) (the Commissioner need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion.").  Rather, the regulations permit the ALJ to view Plaintiff's record as a whole and to consider the supportability and consistency of all medical opinions presented before him.

The Court does not suggest Plaintiff is free from physical limitations, but neither does ALJ Schriver.  The ALJ considered Plaintiff's physical condition when he found Plaintiff was able to

perform only light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). Indeed, the ALJ determined Plaintiff's RFC with an eye towards Plaintiff's lengthy history of serious cardiac issues, while at the same time, accounting for the fact that Plaintiff's condition has markedly improved since undergoing continued treatment and surgery.

Finding ALJ Schriver considered Plaintiff's medical record as a whole, and that ALJ articulated and supported his reasoning with substantial evidence, the Court holds ALJ Schriver comported with the dictates of the 20 C.F.R. §§ 404.1520c and concludes the ALJ did not err when making his physical RFC determination.

    b. **Mental RFC Determination**

Plaintiff challenges the ALJ's mental RFC determination along many of the same lines as his challenge to the ALJ's physical RFC determination, and the Court dismisses these arguments for largely the same reasons, as well. To begin, Plaintiff alleges the ALJ erred in relying on "benign mental status examinations" to the exclusion of Dr. Singh and Dr. Wuhib's findings. Pl. Mem. at 16. Plaintiff also alleges the ALJ failed to adequately explain his reason for finding Dr. Wuhib's opinion inconsistent with Plaintiff's reported daily living activities; the ALJ incorrectly dismissed Dr. Singh's opinion, in part, due to the form of his opinion; and the ALJ improperly weighed the state agency consultants' opinion above Dr. Singh's—Plaintiff's treating physician. *Id.* at 16-17 (referencing 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v) ("[a] medical source may have a better understanding of your impairment(s) if he or she examines you than if the medical source only reviews evidence in your folder.")). Plaintiff opines further: "[w]hile the new regulations have eradicated the edict that his opinion be granted controlling weight, it has not altered that a treating physician is more likely to have a better understanding of Plaintiff's impairments." *Id.* at 17 (noting "Dr. Singh is the only opining medical source who had examined

15

Plaintiff more than once". . . "Thus, the ALJ should not have compared Dr. Singh's opinion to the non-examining state agency consultants who never laid eyes on Plaintiff.") (referencing 20 C.F.R. §§ 404.1520c(c)(3)(v), 416.920c(c)(3)(v)).

In response, Defendant contends the ALJ adequately considered Plaintiff's manifestations of PTSD and anxiety in conducting his mental RFC analysis, and further states the ALJ properly determined these conditions may interfere with Plaintiff's ability to perform more detailed work or interact with others. Def. Mem., ECF No. 19 at 26. Defendant also notes the medical evidence supports the finding that Plaintiff retained the ability to perform at least simple work with occasional interactions. *Id.* Indeed, during his initial evaluation, Dr. Singh himself described Plaintiff as cooperative and having average intelligence, intact memory, adequate concentration, good insight, and adequate judgment and impulse control. *Id.* (referencing Exhibit 9F, ECF No. 17, at 2834). Dr. Wuhib, too, noted Plaintiff was cooperative, his social skills were adequate, his thought processes were coherent and goal directed, his attention and concentration were intact, and that his insight and judgment were good. *Id.* (referencing Exhibit 16F, ECF No. 17, at 2951). The defense also notes Plaintiff's primary care physician, Dr. Grayver, assessed Plaintiff was oriented to person, place, and time with a normal mood and affect (Exhibit 15F, ECF No. 1,7 at 2919, 2926; Exhibit 19F, ECF No. 17, at 2970).

In light of the foregoing, the Court concludes the ALJ's mental RFC determination was supported by sufficient, relevant, and substantial evidence a reasonable mind might accept as adequate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 18, is DENIED and Defendant's motion for judgment on the pleadings, ECF No. 19, is GRANTED.

16

The Court hereby AFFIRMS the decision of the Social Security Administration. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.



SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 26, 2023
       Brooklyn, New York

17